J. D. FULKERSON, SURVIVING PARTNER, &c. vs. AMOS BOLLINGER.

Where there is conflicting testimony, the verdict of a jury will not be set aside.

APPEAL from Ripley Circuit Court.

McBRIDE, J., delivered the opinion of the court.

Ellis & Fulkerson, partners, &c., sued David Lorens, Amos Bollinger, and Peyton R. Pitman, by petition in debt, in the Ripley circuit court, when a verdict and judgment being obtained against them, they have brought the case here by appeal.

The action was founded on the following note:

"$1633 35-100—Cape Girardeau, August 22, 1838. One day after date we promise to pay to the order of Ellis & Fulkerson, sixteen hundred and thirty-three dollars 35-100, without defalcation, for value received, bearing interest at the rate of ten per cent. per annum.

D. LORENS, A. BOLLINGER, & P. R. PITMAN."

Before the trial of the cause, Ellis, one of the plaintiffs, and Lorens, one of the defendants, departed this life, and the process not having been executed on Pitman, the action was discontinued as to him, and revived as to the survivors.

The record does not show the state of the pleadings. The bill of exceptions shows the evidence to have been substantially, as follows:

The note as above set out, with a credit endorsed thereon for $110 91, paid the 8th Feb., 1840, and a negro boy valued at $800, received 20th March, 1840.

J. H. Chenoweth, a witness for the defendant, testified that in 1839, Ellis told him that he and Fulkerson had purchased of Lorens 100,000 feet of lumber at the mouth of White river, at $15 per thousand feet, and boasted of the bargain which they had obtained; and that they would charter a boat for the purpose of bringing it up, and went to St. Louis for that purpose, but could not obtain one for less than one thousand dollars, which he thought too much, and would not give that sum.

John Lorens testified that he was employed by Lorens & Bollinger, to run plank to the mouth of White river, for Ellis & Fulkerson, to the amount of 100,000 feet, or upwards, in the year 1839, and that he delivered it there in good order. He understood that it was to go in discharge of the debt which Lorens & Bollinger owed Ellis & Fulkerson, to-wit: $1633 35-100.

Afterwards Ellis & Fulkerson refused to take the lumber, because it was damaged after lying there—that Lorens & Bollinger never had any thing to do with the lumber afterwards. A receipt signed by N. W. Watkins, attorney for the plaintiffs, for eight hundred dollars, dated 16th June, 1841, which was proven to be in the hand writing of said Watkins.

The plaintiff then read the deposition of James Cannon, who testified

that about the first of Jan., 1840, being empowered by Ellis & Fulkerson, he went to a point on the Mississippi river, known as Alexander's wood yard, that Alexander, as the agent of Lorens & Bollinger, showed him the lumber which was piled up on his premises, but that as it was damaged he refused to take possession of it, under his instructions from Ellis & Fulkerson, which fact he communicated to them on his return home.

This being all the evidence, the cause was submitted to the jury, who found a verdict for the defendants. Whereupon the plaintiffs filed their motion to set the verdict aside, and for a new trial for the general reasons, which the court overruled, and the plaintiffs excepted.

The circuit court was not asked to give any instruction to the jury, nor were any given. The only error complained of is the finding of the jury, and the refusal of the court to set aside the verdict and grant a new trial.

This court has heretofore decided that they will not interfere with the finding of a jury when there is conflict of testimony, inasmuch as it is their peculiar province to weigh it and draw deductions therefrom. In the case of Dooly vs. Jennings, 6 Mo. R. 63, this court say, "it is certainly the peculiar province of the jury to weigh and determine the worth of evidence, and there was evidence on both sides. That weight of evidence ought to be much the greater, which should determine the appellate court to reverse a judgment, when the circuit court had refused to grant a new trial."

And again in the case of Todd, et. al. vs. Boone county, 8 Mo. R. 437, this court held the following language, "where questions of fact have been submitted to a jury, and there is any contrariety in the testimony, this court has repeatedly avowed its determination to leave the verdict of the jury undisturbed."

The evidence in the case now before us brings it fully within the foregoing principle.

Judge SCOTT concurring, the judgment of the circuit court will be affirmed.

NAPTON, J.

Ellis & Fulkerson brought an action against Bollinger & Lorens, on the following note :

"Cape Girardeau, Aug. 22d, 1838.  $1633 35-100.  One day after date we promise to pay to the order of Ellis & Fulkerson, sixteen hun-

dred and thirty-three dollars 35-100, without defalcation, for value received, bearing interest at the rate of ten per cent per annum. Signed,

D. LORENS & A. BOLLINGER."

Ellis & Lorens were both dead before the trial, and the suit stood, at the trial, between Fulkerson and Bollinger. The note produced at the trial contained an endorsement of two credits, one dated Feb. 5th, 1840, for $110 91—the other dated May 20, 1840, for one negro boy at $800.

The defendant proved that some time in the year 1839, witness had a conversation with Ellis, in which Ellis stated that he and Fulkerson had purchased of Lorens, at the mouth of White river, one hundred thousand feet of plank, at $15 per thousand. Another witness stated that he was employed by Lorens & Bollinger to raft one hundred thousand feet of plank to the mouth of White river for Ellis & Fulkerson, in 1839; that Ellis & Fulkerson refused to receive the same, because it was not in good order. The plaintiffs proved that they had refused to receive and did not receive said lumber.

The defendant had a verdict, which the plaintiff moved to set aside, as against law and evidence, but the motion was overruled and exceptions were taken.

The value of the plank was about equal to the amount called for by the note, and had it been received, was doubtless intended by both parties to have been a discharge of the note. The payments on the note in 1840, of one hundred and ten dollars at one time, and of eight hundred dollars at another time, are conclusive evidence to show, not only that the delivery of the plank in 1839, at the mouth of White river, was not a payment of the note, but that Lorens & Bollinger did not themselves so consider it.

If then this plank was brought in as a set off, they were bound to show either that it was received by Ellis & Fulkerson, or that the refusal of Ellis & Fulkerson to receive it was a violation of their contract, by reason of which it might be considered as to all intents the property of said Ellis & Fulkerson. The proof was, that it was not received, and there was no evidence whatever to show whether it ought to have been received or not. The jury, therefore, clearly erred in their application of the law to the facts in evidence before them. There was no contrariety of testimony, the witnesses on either side testifying to precisely the same fact. I am not aware of any decision of this court which, in such a case, requires this court to let such a judgment stand. Todd vs. Boone co., 8 Mo. R. 431.